1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CYNTHIA DENISE HENDERSON,          No.  2:15-cv-1568-EFB

12                Plaintiff,

13         v.                           ORDER

14   CAROLYN COLVIN, Acting
     Commissioner of Social Security
15
                  Defendant.
16

17

18         Plaintiff, proceeding pro se, seeks judicial review of a final decision of the Commissioner

19   of Social Security ("Commissioner") denying her application for Supplemental Security Income

20   ("SSI") under Title XVI of the Social Security Act.  The parties have filed cross-motions for

21   summary judgment.  For the reasons discussed below, plaintiff's motion is denied and the

22   Commissioner's motion is granted.

23   I.    BACKGROUND

24         Plaintiff filed an application for SSI, alleging that she had been disabled since December

25   12, 2010.  Administrative Record ("AR") 166-167.  Her application was denied initially and upon

26   reconsideration.  *Id*. at 103-113.  On June 20, 2013, a hearing was held before administrative law

27   judge ("ALJ") Dante M. Alegre.  *Id*. at 49-71.  Plaintiff was represented by counsel at the

28   hearing, at which she and a vocational expert testified.  *Id*.

                                                  1

1    On September 16, 2013, the ALJ issued a decision finding that plaintiff was not disabled

2  under section 1614(a)(3)(A) of the Act.[1]  *Id*. at 23-34.  The ALJ made the following specific

3  findings:

4     1.  The claimant has not engaged in substantial gainful activity since February 29, 2012, the

5        application date (20 CFR 416.971 *et seq*.).

6     2.  The claimant has the following severe impairments: thalassemia, mild degenerative disc

        disease of the lumbar and cervical spine (20 CFR 416.920(c)).

7

     * * *

8

9     3.  The claimant does not have an impairment or combination of impairments that meets or

        medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart

10

11     [1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the
Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid

12  to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions,
disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to

13  "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) &
1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R.

14  §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The
following summarizes the sequential evaluation:

15

16         Step one:  Is the claimant engaging in substantial gainful
activity?  If so, the claimant is found not disabled.  If not, proceed

17  to step two.
         Step two:  Does the claimant have a "severe" impairment?

18  If so, proceed to step three.  If not, then a finding of not disabled is
appropriate.

19         Step three:  Does the claimant's impairment or combination
of impairments meet or equal an impairment listed in 20 C.F.R., Pt.

20  404, Subpt. P, App.1?  If so, the claimant is automatically
determined disabled.  If not, proceed to step four.

21         Step four:  Is the claimant capable of performing his past
work?  If so, the claimant is not disabled.  If not, proceed to step

22  five.
         Step five:  Does the claimant have the residual functional

23  capacity to perform any other work?  If so, the claimant is not
disabled.  If not, the claimant is disabled.

24

25

26  *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

27    The claimant bears the burden of proof in the first four steps of the sequential evaluation
process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential

28  evaluation process proceeds to step five.  *Id.*

1    P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

2       * * *

3
4.  After careful consideration of the entire record, the undersigned finds that the claimant has
4       the residual functional capacity to perform light work as defined in 20 CFR 416.967(b).
        The claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently.
5       She can sit, stand, and or work [sic] six hours in an eight-hour day.  She can frequently
        climb, kneel, stoop, crouch, or crawl.
6
7       * * *

8    5.  The claimant is capable of performing past relevant work as a receptionist.  This work
        does not require the performance of work-related activities precluded by the claimant's
9       residual functional capacity (20 CFR 416.965).

10      * * *

11
6.  The claimant has not been under a disability, as defined in the Social Security Act, since
12      February 29, 2012, the date the application was filed (20 CFR 416.920(f)).

13   *Id*. at 25-34.

14        The Appeals Council granted plaintiff's request for review, and on May 18, 2015, it issued

15   a decision finding that plaintiff was not disabled under sections 1602 and 1614(a)(3)(A) of the

16   Act.  *Id*. at 4-8.  The Appeals Council affirmed the ALJ's findings at step 1-3 of the sequential

17   evaluation.  *Id*. at 5.  It also adopted the ALJ's finding regarding plaintiff's RFC.  *Id*.  However,

18   the Appeals Council disagreed with the ALJ's conclusion that plaintiff could perform her prior

19   work as a receptionist, finding that plaintiff's earnings for this job did not meet the annual

20   substantial gainful activity levels and it therefore could not be considered past prior work.  *Id*.

21   Accordingly, it proceeded to step-five (other work) where it ultimately determined that plaintiff

22   "was not under a disability during the period at issue because of the ability to perform work

23   existing in significant numbers in the national economy."  *Id*. at 6.  Plaintiff now challenges the

24   Appeal's Council's decision finding that she was not disabled under the Act.

25   /////

26   /////

27   /////

28
                                              3

1    II.      LEGAL STANDARDS

2          The Commissioner's decision that a claimant is not disabled will be upheld if the findings

3    of fact are supported by substantial evidence in the record and the proper legal standards were

4    applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

5    *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,

6    180 F.3d 1094, 1097 (9th Cir. 1999).

7          The findings of the Commissioner as to any fact, if supported by substantial evidence, are

8    conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

9    more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521 (9th

10   Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to support a

11   conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v.*

12   *N.L.R.B.*, 305 U.S. 197, 229 (1938)).

13         "The ALJ is responsible for determining credibility, resolving conflicts in medical

14   testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

15   2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

16   interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

17   *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

18   III.     ANALYSIS

19         Liberally construed, plaintiff's motion requests this court to find her disabled and to order

20   her case remanded to the Commissioner for payment of benefits.  As far as the court can discern,

21   plaintiff contends that the Appeals Council erred by (1) finding that she had no history of mental

22   health treatment; (2) concluding that there were no treatment records for back pain prior to 2010;

23   (3) disregarding evidence from Advanced Pain Diagnostic & Solutions; and (4) failing to consider

24   the side effects of her medication, (5) her severe pain in her right arm and hand, and (6) the

25   frequency of her doctor appointments.  ECF No. 13 at 2, 6.  Plaintiff's arguments lack merit.

26         First, plaintiff takes issue with the ALJ's finding that she did not have any history of

27   mental health treatment.  *Id*. at 2.  At step-two of the sequential evaluation process, the ALJ found

28   that plaintiff's depression was not severe.  In making this determination, the ALJ stated that

4

1   plaintiff "had no history of mental health treatment and thus, the Disability Determination Service

2   procured a psychological examination." The ALJ's statement that plaintiff did not have a history

3   of mental health treatment simply explains why Disability Determination Services had plaintiff

4   undergo a psychological assessment. It does state or even suggest a finding that the record is

5   devoid of any medical evidence regarding plaintiff's depression. Indeed, the ALJ specifically

6   discussed plaintiff's medical records from 2013 reflecting that she reported depressive symptoms

7   and was prescribed medication, but ultimately concluded that there are only "scant medical

8   records supporting [plaintiff's] allegations of depression. AR 27; *see id.* at 567-568, 576, 587,

9   608, 613, 619-620. Accordingly, the ALJ did not erroneously find that there were no medical

10   records showing treatment for mental health.[2]

11         Second, plaintiff contends that the ALJ erred in finding that her "treatment records do not

12   show treatment for back pain prior to January 2010." ECF No. 13 at 2; *see* AR 32. She argues

13   that her back pain began in 2006, which resulted in a hysterectomy. ECF No. 13 at 2. She also

14   argues that she received treatment from Dr. James Brode, who is now retired, but that she was

15   unable to locate medical records for this source. *Id.* As plaintiff's argument concedes, the back

16   pain she experienced in 2006 that ultimately led to a hysterectomy is not related to the back pain

17   and sciatica that now form the basis for plaintiff's claim of disability. *See* AR 57-58, 410-417.

18   Furthermore, the fact that records from Dr. Brode could not be obtained does not render false the

19   ALJ's statement that "treatment records do not show treatment for back pain prior to January

20   2010." Thus, this argument also lacks merit.

21         Third, plaintiff contends that she is disabled based on a June 24, 2014 diagnosis of

22   degenerative disc disease and mild scoliosis. ECF No. 13 at 2, 6. The Appeals Council's

23   decision reflects that plaintiff submitted a Diagnostic Radiological Imaging (DRI) Scripps dated

24

25         [2] Plaintiff also states that she currently has bi-weekly appointments to treat her
   depression. ECF No. 13. She does not, however, submit any current medical records nor
26   demonstrate that remand for consideration of new evidence would be appropriate. *See* 42 U.S.C.
   § 405(g) (providing that a district court has jurisdiction to remand a case to the Commissioner for
27   consideration of new evidence, but "only upon a showing that there is new evidence which is
   material and that there is good cause for the failure to incorporate such evidence into the record in
28   a prior proceeding.").

1     June 24, 2014.  However, the Appeals Council did not include this document in the administrative

2     record, finding that it postdates the ALJ's decision and therefore does not affect the finding that

3     plaintiff was disabled on or before September 16, 2013.  The Commissioner's regulations provide

4     that in reviewing the ALJ's decisions, "the Appeals Council will consider the evidence in the

5     administrative law judge hearing record as well as any new and material evidence submitted to it

6     that relates to the period on or before the date of the administrative law judge hearing decision."

7     20 C.F.R. § 416.1476(b).  Where submitted evidence does not relate to the period on or before the

8     administrative law judge's decision, the Appeals Council will explain why it did not accept the

9     additional evidence.  *Id*.  Here, the Appeals Council followed its regulation and declined to

10    consider the radiological imaging evidence that postdated the ALJ's decision.

11          Fourth, plaintiff claims that she is disabled due to side effects from her medications,

12    which cause her to sleep a lot and hinder her ability to perform daily activities.  ECF No. 13 at 6.

13    At her hearing, plaintiff testified that her medications make her "groggy and dizzy sometimes."

14    When asked to clarify what she meant by "sometimes," she added that when she takes her

15    medication in the morning she is "dizzy for up to any hour."  *Id*. at 64.  However, she did not

16    allege that her medications caused an "inability to perform daily activities," as she now argues.

17    *Id*.; *see* ECF No. 13 at 6.  In fact, plaintiff testified that she does her own laundry, goes on walks

18    to the park near her house, and performs her own personal care (e.g. bathing, dressing, going to

19    the bathroom).  *Id*. at 60-61.  Accordingly, the record does not support plaintiff's contention that

20    the side effects of her medication impair her performance of daily activities.

21          Next, plaintiff argues that she is disabled due to continuous pain in her right arm and

22    hand.  ECF No. 13 at 6.  The ALJ considered plaintiff's allegations of shoulder pain and difficulty

23    lifting her right arm.  AR 29.  However, the ALJ observed that "[n]o tests support neuropathy in

24    the upper arms."  *Id*. at 32.  Furthermore, the ALJ observed that the allegations of severe shoulder

25    impairments were inconsistent with medical evidence, including the results of a comprehensive

26    internal medicine evaluation.  *See id*. at 318-321.  At that examination, plaintiff reported extreme

27    pain in her right shoulder.  *Id*. at 318.  However, plaintiff exhibited full range of motion of the

28    spine and shoulders, and her muscle bulk and tone in the upper extremities was normal, with 5/5

1    strength. *Id*. at 320- 321.  The general findings were described as "essentially unremarkable," and

2    the examining physician opined that plaintiff did not have any physical limitations.  *Id*. at 321.

3    The ALJ relied on this evidence in finding that plaintiff's alleged shoulder pain did not limit her

4    ability to perform work-related activities.[3]

5           Lastly, plaintiff contends that she is disabled due to the "frequency of doctors'

6    appointments."  ECF No. 13 at 6.  There is no evidence demonstrating that the frequency of

7    appointments would preclude employment.  Furthermore, no physician, not even her treating

8    physician, opined that she would frequently miss work due to medical appointments.  AR 632-33.

9           Accordingly, plaintiff has failed to demonstrate that the Commissioner erred in finding

10   that she was not disabled.

11   IV.    CONCLUSION

12          Accordingly, it is hereby ORDERED that:

13          1.  Plaintiff's motion for summary judgment is denied;

14          2.  The Commissioner's cross-motion for summary judgment is granted; and

15          3.  The Clerk is directed to enter judgment in the Commissioner's favor.

16   DATED:  September 21, 2016.

17   _____
     EDMUND F. BRENNAN
18   UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23
     _____

24        [3]  The ALJ discredited plaintiff's allegations concerning the intensity, persistence, and
     limiting effects of her impairments, finding that her allegations were not supported by medical
     evidence and that she had made statements that were inconsistent with other evidence of record.
25   AR 32.  Plaintiff does not challenge this finding.  However, the court notes that the reasons given
     by the ALJ constitute a sufficient basis for discounting her credibility.  *See Smolen v. Chater*, 80
26   F.3d 1273, 1284 (9th Cir. 1996) (ALJ may consider prior inconsistent statements or other
     inconsistent testimony in evaluating subjective complaints); *Burch v. Barnhart*, 400 F.3d 676,
27   681 (9th Cir. 2005) (Although the ALJ may not rely on an inconsistency with medical evidence as
     the sole basis for his credibility determination, it is a factor that may be considered).
28

                                                     7